IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00226-MR
CRIMINAL CASE NO. 1:10-cr-00067-MR-1

| | |
|---|---|
| RYAN MITCHELL DSCHAK,<br>      Petitioner,<br><br>    vs.<br><br>UNITED STATES OF AMERICA,<br>      Respondent. | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's original and amended Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. [Cv Docs. 1; 3].[1] The Government responded to Petitioner's Motion [Cv Doc. 11], and Petitioner replied thereto. [Cv Doc. 12].

## PROCEDURAL BACKGROUND

Petitioner and one Joseph Hendrix were named in an indictment returned by the grand jury for this District on October 5, 2010. [Cr Doc. 1]. Petitioner was charged with three crimes: a Hobbs Act robbery and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Count One);

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "Cv" denoting the document is listed on the docket in the civil case file number 1:12-cv-00226-MR, or the letters "Cr" denoting the document is listed on the docket in the criminal case file number 1:10-cr-00067-MR-1.

possession of a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. §§ 924(c) and (2) (Count Two); and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (Count Three). [Id.]. Four months later, Petitioner entered into a written plea agreement with the Government, pursuant to which Petitioner agreed to plead guilty to Count Three and the Government agreed to dismiss Counts One and Two. [Cr Doc. 22]. In the plea agreement, Petitioner agreed to waive his right to appeal or challenge in a post-conviction proceeding his conviction or sentence except on the bases of ineffective assistance of counsel or prosecutorial misconduct. [Id.].

On February 14, 2011, the Honorable Dennis L. Howell, United States Magistrate Judge, conducted a hearing in accordance with Rule 11 of the Federal Rules of Criminal Procedure. During this hearing, Petitioner affirmed that he understood the elements of the offense to which he was pleading guilty; that he understood the maximum penalty he faced; that he was in fact guilty of the § 922(g)(1) offense to which he was pleading guilty; that his guilty plea was voluntary and not the result of coercion, threats or promises other than those contained in the plea agreement; and that he knowingly and voluntarily agreed to waive his right to appeal or challenge in any post-

conviction action either his conviction or his sentence, except on the bases of ineffective assistance of counsel or prosecutorial misconduct. [Cr Doc. 24]. At the conclusion of the hearing, Judge Howell found Petitioner's plea to have been knowingly and voluntarily entered. [Id.]. On November 17, 2011, this Court sentenced Petitioner to a term of 100 months' imprisonment. [Cr Doc. 54]. The Court entered its judgment on November 23, 2011. [Id.].

Petitioner did not file a direct appeal. Instead, on August 7, 2012, he filed the present motion to vacate his conviction under 28 U.S.C. § 2255. In his motion, Petitioner argues that he is actually innocent of the firearm offense because none of his past convictions (including the conviction alleged in the Indictment) qualify as a "felony" for purposes of § 922(g)(1), citing United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (*en banc*).[2] [Cv Doc. 1]. In his amended motion to vacate, Petitioner argues that his counsel

---

[2] In Simmons, the en banc Fourth Circuit held that, in order for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term of imprisonment exceeding one year. Simmons, 649 F.3d at 243. In reaching this holding, the full court over ruled its prior precedent in United States v. Harp, 406 F.3d 242 (4th Cir. 2005), which held that "to determine whether a conviction is for a crime punishable by a prison term exceeding one year" under North Carolina law, "we consider the maximum aggravated sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." Id. at 246. In reconsidering Harp, the Simmons majority dismissed as improvident its previous "hypothetical defendant" analysis and deferred to the North Carolina legislature and its adoption of a strictly regimented sentencing scheme that requires sentencing judges to effectively tailor the statutory maximum punishment available to each individual defendant. Simmons, 649 F.3d at 250 (internal citation and quotation omitted).

3

provided ineffective assistance to him by advising him to plead guilty to the § 922(g)(1) offense when he did not have a predicate felony conviction. [Cv Doc. 3 at 5-6]. He further contends that counsel was ineffective in advising him to plead guilty because he did not in fact possess the firearm at issue. [Id. at 6]. Petitioner also contends that counsel coerced him into pleading guilty. [Id.].

The Government responded to Petitioner's original and amended § 2255 motion on February 21, 2013. [Cv Doc. 11]. In its Response, the Government argues that Petitioner's claims are not cognizable because he waived his right to collaterally attack his conviction or sentence as a part of his plea agreement. [Id. at 4-5]. Alternatively addressing the merits of Petitioner's claims, the Government argues that: (1) Petitioner has a valid felony conviction from the State of Washington, and thus his Simmons claim is without merit; and (2) Petitioner has failed to demonstrate that counsel was ineffective. [Id. at 5-8].

**FACTUAL BACKGROUND**

The following facts, as recounted in the PSR, are not in dispute. At approximately 3:30 a.m. on the morning of December 29, 2009, Joseph Hendrix entered the Hot Spot convenience store located at 79 Ashland Avenue in Asheville, North Carolina. Hendrix asked to use the restroom and

4

the clerk, Willie Louis Jamison, Jr. allowed him to do so. Hendrix came out of the restroom wearing a blue bandanna on his face and holding a pistol in his hand. He then threatened to kill Jamison and demanded that Jamison give him money from the cash register. Jamison complied and gave Hendrix approximately $150 in U.S. Currency. As Hendrix left the store, he grabbed a bottle of Wild Irish Rose wine from a shelf. Hendrix then got into the front passenger seat of a tan or light brown Ford Taurus that was parked on the west side of the Hot Spot building. [Cr Doc. 48 at 3]. Petitioner then drove Hendrix away from the convenience store in the Ford Taurus. [Cr Doc. 50 at 7].

Following the robbery of the Hot Spot store, Asheville police began investigating the crime and searching for suspects. The police officers' investigation quickly led them to the Hillcrest Apartments where officers observed the Petitioner and Hendrix standing near the back of a brown Ford Taurus matching the description of the getaway vehicle used after the robbery. [Id. at 4]. As the officers approached the two men, both Petitioner and Hendrix fled on foot. Hendrix was able to elude the police that day. Petitioner was caught after a short foot chase but not before Asheville Police Officer Britt saw Petitioner throw an object over a fence which Britt later seized and determined was a 9-millimeter semi-automatic pistol. [Id.].

**STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**DISCUSSION**

**A.    Actual Innocence Claim**

Petitioner's primary argument is that he is legally innocent of the charge of being a felon in possession of a firearm because none of his past convictions constitute a "felony" under federal law. In order to prevail on a claim of actual innocence as to his count of conviction, however, Petitioner must also prove his actual innocence as to the first and second charges in the Indictment which were dismissed pursuant to Petitioner's plea agreement. The Supreme Court has explained that "where the Government has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." Bousley, 523 U.S. 614, 624 (1998); see also United States v. Apker, 241

F.3d 1060, 1062 (8th Cir. 2001) (noting that under Bousley, in addition to showing actual innocence of the challenged conviction, a petitioner "must show actual innocence of any other dismissed charges if those dismissed charges were more serious"). Here, the two Counts that the Government dismissed in exchange for Petitioner's guilty plea alleged that Petitioner aided and abetted Hendrix in the commission of a Hobbs Act robbery, and aided and abetted Hendrix's possession of a firearm during and in relation to that robbery. Thus, in order to obtain relief based on actual innocence, the Petitioner has the burden under Bousley to demonstrate the he is actually innocent of these charges as well as the § 922(g)(1) count. Petitioner has presented nothing that would indicate that he is actually innocent of these charges, except to allege he was asleep in the backseat of the car Hendrix drove to the Hot Spot convenience store before robbing it. [Cv Doc. 3 at 6].

The evidence presented by the Government at sentencing, however, belie Petitioner's contentions. At sentencing, the Government played the surveillance tape obtained from the Hot Spot convenience store which recorded the events surrounding the robbery. After reviewing that tape, the Court found that Petitioner was complicit in the robbery. Specifically, the Court found that Petitioner acted in concert with Hendrix and it was foreseeable to Petitioner that Hendrix would brandish the firearm and

7

restrain the victim during the robbery. The Court further found that Petitioner was in constructive and joint possession of the firearm during the robbery and that he had sole possession and acted to dispose of the firearm after the robbery. [Cr. Doc. 55 at 3-4].

Because Petitioner cannot prove his actual innocence as to Counts One and Two of the Indictment, his actual innocence claim as to Count Three must likewise fail.

Even if Petitioner were able to establish his actual innocence as to the dismissed counts, however, Petitioner's <u>Simmons</u> claim would fail on its merits. In addition to his numerous North Carolina convictions, Petitioner was convicted of second-degree theft in the State of Washington in 2002.[3] [Doc. 48 at 8; Doc. 11-1]. Under Washington law, second-degree theft is classified as a Class C felony. <u>See</u> Wash. Rev. Code Ann. § 9A.56.040; <u>United States v. Murillo</u>, 422 F.3d 1152, 1155 (9th Cir. 2005). As reflected in Petitioner's judgment and as established by Washington Revised Code

---

[3] Here, the Indictment did not cite Petitioner's prior Washington conviction as the predicate offense, citing instead a North Carolina conviction for attempted identity theft, an offense for which Petitioner actually received a 7-9 month sentence and for which he contends he could not have received more than one year in prison. [Cr Doc. 48 at 14; Cv Doc. 1 at 2]. If, however, Petitioner has *any* qualifying predicate felony convictions to support to the § 922(g)(1) offense, the Government could seek Petitioner's re-indictment after the vacatur of his conviction. <u>See</u> 18 U.S.C. § 3288. Therefore, a dismissal of the § 922(g)(1) count based on the infirmity of the predicate conviction cited in the Indictment would be futile if Petitioner had incurred any other valid felony conviction prior to his commission of the instant offense.

8

Annotated § 9A.20.021(c), the maximum term of imprisonment for a Class C felony under Washington law is five years. See id. § 9A.20.021(c). Because Petitioner could have received a sentence of up to five years, this prior conviction qualifies as an adequate predicate felony for purposes of § 922(g)(1). Accordingly, Petitioner's Simmons claim fails on its merits.

**B.    Ineffective Assistance of Counsel Claim**

The Sixth Amendment guarantees that in all criminal prosecutions, the accused shall have the right to the effective assistance of counsel for his defense. U.S. Const. amend. VI. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In measuring counsel's performance, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. In the context of a guilty plea, in order to demonstrate prejudice a petitioner must present a reasonable probability that, but for counsel's allegedly deficient conduct, he would have elected to plead not guilty and insisted on proceeding to trial. Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

In the present case, Petitioner claims that his counsel provided ineffective assistance to him by advising him to plead guilty to the § 922(g)(1) offense when he did not have a predicate felony conviction. For the reasons set forth above, however, the Court concludes that Petitioner in fact had a valid predicate felony conviction. Moreover, the Court notes that defense counsel negotiated a plea on Petitioner's behalf that called for the dismissal of readily provable and more serious charges. The conduct of Petitioner's counsel in advising him to plead to the §922(g)(1) charge, therefore, was not deficient.

Petitioner further contends that counsel was ineffective in advising him to plead guilty because he did not in fact possess the firearm at issue. Petitioner also contends that, despite knowing that Petitioner did not actually possess the firearm, counsel nevertheless coerced him into pleading guilty. These allegations, however, are foreclosed by Petitioner's sworn statements during his Rule 11 colloquy. During that hearing, Petitioner acknowledged, while under oath, that he understood the elements of the offense to which he was pleading guilty; that he was in fact guilty of the § 922(g)(1) offense to which he was pleading guilty; and that his guilty plea was voluntary and not the result of coercion, threats or promises other than those contained in the plea agreement. [Cr Doc. 24]. "[A] defendant's solemn declarations in open

court affirming [a plea] agreement ... 'carry a strong presumption of verity.' " United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (citing United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (internal citation omitted). "[C]ourts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 colloquy." Lemaster, 403 F.3d at 221 (citing United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)). This strong presumption that a defendant has been truthful in his sworn answers creates "a formidable barrier in any subsequent collateral proceedings." Lemaster, 403 F.3d at 221 (alterations and internal quotations omitted). Based on the foregoing, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements. Otherwise, a primary virtue of Rule 11 colloquies would be eliminated -- "permit[ting] quick disposition of baseless collateral attacks." Id. at 221–22 (quoting Blackledege v. Allison, 431 U.S. 63, 80 n.19 (1997)).

Petitioner's solemn admission of guilt foreclose his arguments regarding the ineffective assistance of his counsel and the voluntary and

knowing nature of his plea. Accordingly, Petitioner's ineffective assistance claim will be dismissed.

Based on the foregoing, the Court finds that Petitioner has failed to satisfy his burden to demonstrate any entitlement to relief in this collateral proceeding, and his § 2255 motion should therefore be dismissed.[4] Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[4] Because the Court dismisses Petitioner's claims on the merits, the Court need not consider the Government's contention that Petitioner's claims are barred by the appellate waiver in his plea agreement.

## O R D E R

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion to Vacate [Cv Doc. 1], as amended [Cv Doc. 3], is **DENIED** and **DISMISSED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 16, 2015

Martin Reidinger
United States District Judge